IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: WALTER BLANCK,

                                                                                              ORDER

              Plaintiff,

                                                                                          09-cv-504-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is plaintiff Walter Blanck's second recent case before this court. In a July 1, 2009 order, I dismissed his first case, case no. 09-cv-354-bbc, because his allegations that he was "chemically 'opened and developed' into FBI virtual slavery" were legally frivolous as well as barred by the doctrine of claim preclusion. In an August 6, 2009 order denying plaintiff's motion for reconsideration, I noted that his later submissions appeared to include allegations that prison officials were ordering him to send out his legal files and tampering with or restricting his meals. I instructed plaintiff that if he wished to raise access to the courts or deliberate indifference claims, those new claims could not be considered in case no. 09-cv-354-bbc, but rather would have to be filed in a new action.

      Now plaintiff has filed a new complaint, several supplemental filings, and two motions to appoint counsel. He has not paid the $350 filing fee for this action so I assume he is attempting to proceed in forma pauperis. After reading through each of these filings,

1

it appears that plaintiff is attempting to raise two claims: (1) an access to the courts claim and (2) a deliberate indifference claim focusing on his being served inadequate meals. However, I cannot allow plaintiff to proceed on his claims because his complaint and subsequent filings violate Fed. R. Civ. P. 8.

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint a short, plain statement of the claim showing that he is entitled to relief. The statement of plaintiff's claims is neither short nor plain—plaintiff appears to attempt to amend his complaint several times by filing supplemental submissions, and each of his filings is extremely difficult to follow because he continues to include exhaustive recitations of his allegations concerning his claim that the Federal Bureau of Investigation brainwashed him. I will not consider those allegations because I have already dismissed that claim in case no. 09-cv-354-bbc. In addition, plaintiff fails to include a caption in his complaint and it is impossible to identify any defendants from the allegations contained in his filings. It would be impossible for any defendant to answer the complaint given these shortcomings. Therefore, I will dismiss plaintiff's complaint and give him the opportunity to submit a new complaint that complies with Rule 8. Attached to this opinion is a blank complaint form for plaintiff to fill out. In filing out the form, plaintiff's allegations should be nothing more than a simple story about what each defendant is doing to make him believe his rights are being violated, and what he wants the court to do about it. He should only include

2

allegations regarding his access to the courts and deliberate indifference claims. He should not include allegations supporting his claim about being "chemically opened" by the FBI, as that claim has already been dismissed in previous litigation. Also, he must place the defendants' names in the caption of the complaint. Finally, he should include every allegation he deems relevant to his claims in the amended complaint itself; he should not repeatedly submit supplemental filings as he has become accustomed to doing. I will give plaintiff until November 2, 2009 to submit his amended complaint.

Next, I turn to the issue of what amount plaintiff must prepay in order to proceed with his lawsuit. This issue is complicated by the fact that plaintiff has struck out under 28 U.S.C. § 1915(g). Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three or more prior occasions, plaintiff has filed lawsuits or appeals that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted. Blanck v. Federal Bureau of Investigation, 07-cv-276-la (E.D. Wis. Dec. 20, 2007); Blanck v. Gorence, 06-cv-732-wec (E.D. Wis. Oct. 31, 2006); Blanck v. Waukesha County, 99-cv-854-tjc (E.D. Wis. Jan. 6, 2000). Therefore he can only proceed in forma

3

pauperis on claims that suggest he is in imminent danger of serious physical harm. Without having a complaint that complies with Rule 8 to review, it is impossible to be certain whether plaintiffs' claims would qualify under the imminent danger exception, but it seems possible that his deliberate indifference claim regarding inadequate meals would qualify under the exception. However, it is almost certain that his access to the courts claim would not qualify under the imminent danger exception, meaning he would be ineligible to proceed in forma pauperis.

Therefore, plaintiff has a choice. If he wishes to pursue both of his claims, he must prepay the entire $350 filing fee and do so by November 2, 2009. If plaintiff includes his access to the courts claim in his amended complaint but fails to pay the full $350 filing fee by November 2, 2009, I will have to dismiss that claim because it does not qualify under the imminent danger exception.

Alternatively, if plaintiff chooses to proceed only on his deliberate indifference claim, he will not have to prepay the entire $350 filing fee. Instead, because he will be granted leave to proceed in forma pauperis on this claim, he will have to prepay only an initial partial payment of the filing fee. From the trust fund account statement plaintiff submitted in case no. 09-cv-354-bbc, I have calculated plaintiff's initial partial payment to be $1.91. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his

4

release account. This does not mean that plaintiff is free to ask prison authorities to pay all of his filing fee from his release account. The only amount plaintiff would have to pay immediately is the $1.91 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court. Plaintiff will have until November 2, 2009 to submit his initial partial payment.

Finally, I note that plaintiff has filed two motions for appointment of counsel. I will withhold ruling on those motions until he has filed an amended complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Walter Blanck's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until November 2, 2009, to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

2. If plaintiff wishes to pursue both of his claims, may have until November 2, 2009, in which to submit a check or money order made payable to the clerk of court in the amount

5

of $350. If, by November 2, 2009, plaintiff fails to pay the fee, I will dismiss his access to the courts claim.

3. Alternatively, if plaintiff wishes to pursue only his deliberate indifference claim, he is to submit a check or money order made payable to the clerk of court in the amount of $1.91 on or before November 2, 2009. Plaintiff would then be obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at the Green Bay Correctional Institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

4. A decision on plaintiff's motions for appointment of counsel is STAYED pending receipt of his amended complaint.

Entered this 13th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6