IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: WALTER BLANCK,

                                                                                              ORDER

             Plaintiff,

                                                                       09-cv-504-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On October 13, 2009, I entered an order dismissing plaintiff Walter Blanck's complaint for his failure to comply with Fed. R. Civ. P. 8 and gave him a chance to submit an amended complaint that complies with Rule 8. In addition, I told plaintiff that because he has struck out under 28 U.S.C. § 1915(g), he had a choice. He could pay the entire $350 filing fee to proceed on his both his deliberate indifference and access to the courts claims or he could pay an initial partial filing fee of $1.91 and proceed on only his deliberate indifference claim, which might qualify as a claim of imminent danger, which is an exception to § 1915(g). In response to the court's order, plaintiff filed a proposed amended complaint, a motion to waive the initial partial filing fee and alternatively, a motion for an extension of time to pay the initial partial filing fee. In a November 16, 2009 order, I denied plaintiff's motion to waive the fee but granted his motion for an extension of time to pay it.

      The court has now received the $1.91 initial partial payment from plaintiff. Also,

1

plaintiff has submitted several supplements to his proposed amended complaint as well as a motion for appointment of counsel. However, I cannot allow plaintiff to proceed on his deliberate indifference claim because his proposed amended complaint and subsequent supplements violate Rule 8.

As I explained to plaintiff in the October 13, 2009 order, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint a short, plain statement of the claim showing that he is entitled to relief. The statement of plaintiff's claims is neither short nor plain because plaintiff has repeatedly tried to amend his claims by filing supplements to his proposed amended complaint. These filings are unfocused, difficult to understand and add numerous new claims. It would be unfair to ask defendants to try to answer the allegations in each of these several documents. Therefore I will not consider the supplements to the proposed amended complaint.

Looking only at plaintiff's proposed amended complaint, I note that the focus of the pleading is plaintiff's access to the courts claim. Plaintiff alleges that he is attempting to bring a lawsuit regarding what he deems to be a fraudulent trial and conviction, but prison officials have shipped out his evidence and legal files. However, as I explained to plaintiff in the October 13 order, because he has struck out 28 U.S.C. § 1915(g), he can proceed in forma pauperis only on claims that suggest he is in imminent danger of serious physical harm. Plaintiff's access to the courts claim does not meet the imminent danger requirement.

If he wishes to proceed on that claim, he must prepay the entire $350 filing fee. As discussed above, I have already given plaintiff an opportunity to pay the $350 filing fee in this case in order to proceed on his access the courts claim, but he has failed to do so. Therefore I will give no further consideration to this claim.

That leaves plaintiff's claim that prison officials were deliberately indifferent to his health by failing to give him the proper nutrition. Plaintiff devotes only one sentence in his proposed amended complaint to this claim; plaintiff fails to state who is responsible for serving him meals, how long he was denied meals, or even whether such treatment is ongoing. Plaintiff will have to provide more detail in order for the court to determine whether this claim will qualify under the imminent danger requirement as well as survive screening under 28 U.S.C. § 1915(e)(2). Therefore, I will dismiss plaintiff's complaint and give him the opportunity to submit a second proposed amended complaint that complies with Rule 8. Attached to this opinion is a blank complaint form for plaintiff to fill out. Plaintiff's allegations should be nothing more than a simple story about what each defendant is doing to make him believe his right to adequate nutrition is being violated, and what he wants the court to do about it.

• Plaintiff should include the names of all defendants in the caption of the second proposed amended complaint. These defendants should be only those individuals that he believes are responsible for failing to provide him proper nutrition. If he does not know the

3

names of all the defendants he wishes to sue, he may refer to them as "John Doe defendants" and find out their identities later through discovery once he has been allowed to proceed. In the current proposed amended complaint, plaintiff includes the State of Wisconsin and the Wisconsin Department of Corrections as defendants. These entities should not be included in the new complaint because they are not entities capable of being sued under 42 U.S.C. § 1983.

- Plaintiff should explain when the events about which he is complaining took place. In his proposed amended complaint and supplements, plaintiff discusses events that occurred well in the past as part of "heinous abuses of 35 years." Plaintiff should be aware that the "imminent danger" exception under 28 U.S.C. § 1915(g) is available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Therefore, plaintiff should focus on what is happening to him now rather than what happened years ago.

- Plaintiff should include every allegation he thinks relates to his deliberate indifference claim in the second proposed amended complaint; he will not be permitted to file additional filings on the subject.

- Plaintiff should focus solely on his deliberate indifference claim. He should not include allegations regarding his access to the courts claim or his claim from case no. 09-cv-354-bbc that the Federal Bureau of Investigation brainwashed him.

4

• Plaintiff should keep a copy of all documents for his own files.  If he does not have access to a photocopy machine, he should make identical handwritten copies for himself. Because he states that he does not have a copy of his current proposed amended complaint, I will attach a copy to this opinion.

I will give plaintiff until January 11, 2010 to submit a proposed second amended complaint.  I will withhold ruling on plaintiff's motion for appointment of counsel until he files his second proposed amended complaint.

ORDER

IT IS ORDERED that

1.  Plaintiff Walter Blanck's proposed amended complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until January 11, 2010 to file a second proposed amended complaint that complies with Rule 8.  If by that date, plaintiff does not file an amended complaint that complies with Rule 8, the clerk of court is directed to close the case.

2.  A decision on plaintiff's motion for appointment of counsel is STAYED pending

receipt of his second proposed amended complaint.

Entered this 15th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

receipt of his second proposed amended complaint.

Entered this 15th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge