IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BLANCK,

                                       Plaintiff,

        v.

JOE VERDEGEN, C.O. STEVENS and
JOHN DOES,

                                      Defendants.

ORDER

09-cv-504-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a June 15, 2010 order, I appointed Christopher C. Davis and John C. Scheller to represent plaintiff Walter Blanck in this case, in which plaintiff alleges that defendants C.O. Stevens, Joe Verdegen and John Doe inmate workers retaliated against him for being involved in previous federal litigation by providing him with little food and encouraging other inmates to harass and attack him. After consulting with his lawyers, plaintiff filed a notice of voluntary dismissal, stating that he had not yet fully exhausted his administrative remedies. On August 6, 2010, the case was dismissed without prejudice.

      After dismissal, plaintiff submitted numerous letters to the court seeking to reopen the case, stating that he had exhausted his administrative remedies. In an April 10, 2012 memorandum, I explained that plaintiff could not reopen the current case because a prisoner must exhaust all available administrative remedies *before* filing a lawsuit in federal court. Accordingly, I instructed plaintiff to inform the court whether he wishes to initiate a new

1

lawsuit. In addition, I told plaintiff that if he did want to initiate a new action, he should either submit a new complaint or inform the court that he would like to have the operative complaint in the present case, dkt. #24, treated as the complaint in the new case. Finally, I noted that it was unclear whether plaintiff's appointed counsel would be willing to represent plaintiff in a new case.

Plaintiff has responded to the April 10 memorandum, stating that he would like to pursue a new lawsuit with the operative complaint in this case treated as the complaint in the new case. Also, he requests the appointment of different attorneys to represent him. As I understand plaintiff's submissions, he is arguing that his attorneys have a conflict of interest because their firm, Michael Best & Friedrich, has represented members of the Republican Party, which is in some way connected to a decades-long conspiracy to harm him in conjunction with his clandestine work for the Federal Bureau of Investigation. (The Eastern District of Wisconsin has dismissed those conspiracy claims as frivolous. <u>Blanck v. Federal Bureau of Investigation</u>, case no. 07-cv-276 (E.D. Wis. Dec. 20, 2007) ("plaintiff's Bivens claims stand as a textbook example of frivolity").) Following communications with plaintiff, appointed counsel have filed a motion to withdraw from further representation of plaintiff, but they appear to base their motion on plaintiff's requests to have them removed rather than acknowledge a conflict themselves.

Looking over these submissions, I am reluctant to treat plaintiff's complaint as a new case (which would come with another $350 filing fee) and start over, for two reasons. First, although I am not interested in forcing counsel to represent plaintiff if either they or plaintiff

2

is unwilling to continue the relationship, I am concerned that plaintiff seeks the removal of his attorneys on the basis of his fanciful notion that they are part of a large-scale conspiracy against him, rather than because of a bona fide conflict of interest. Short of a real conflict of interest, there is no reason to believe that new lawyers will provide better representation than current counsel. Moreover, as I stated in the June 15, 2010 order appointing counsel, it is unlikely that the court will appoint another lawyer to represent plaintiff should choose not to work with attorneys Davis and Scheller.

Second, there is little reason to open a new case and appoint new counsel for plaintiff unless he can show that the new case can proceed past the exhaustion stage. Plaintiff has submitted a handful of administrative grievance documents, but they do not seem to cover his retaliation claims.

Accordingly, I will give both plaintiff and counsel a short period of time to respond to this order, explaining why they are unable to continue their relationship. In doing so, plaintiff should keep in mind that his conspiracy claims have already been rejected as frivolous and are not part of this case. In addition, to the extent feasible in this short time frame, both plaintiff and counsel should explain whether plaintiff has now exhausted the available administrative remedies on his claims, providing copies of the administrative rulings if possible. Following receipt of plaintiff's and counsel's responses, I will decide whether counsel can withdraw and whether further investigation of the exhaustion issue is necessary.

3

ORDER

IT IS ORDERED that plaintiff and counsel may have until July 9, 2012, to respond to this order as outlined above.

Entered this 21st day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge